UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOB WRIGHT, KHRYSTYNE WRIGHT and JONATHAN WRIGHT, as successors in interest of DANIEL LEE WRIGHT (deceased); JACOB WRIGHT, individually; KHRYSTYNE WRIGHT, individually; and JONATHAN WRIGHT, individually,

Plaintiffs,

v.

CYRUS YANOS, et. al.,

Defendants.

No. 2:15-cv-02671-TLN-CKD

**ORDER DENYING IN PART AND GRANTING IN PART WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

This matter is before the Court on the motion to dismiss the complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6) by several mental health practitioners and clinicians, psychologists, psychiatrists, correctional officers, and other staff at Mule Creek State Prison (hereinafter "MCSP") (together "Defendants"). (ECF No. 16.) Plaintiffs Jacob Wright, Khrystyne Wright, and Jonathon Wright (together "Plaintiffs"), each in his or her individual capacity and collectively as successors in interest of decedent Daniel Lee Wright (hereinafter "Decedent") filed an opposition to Defendants' motion to dismiss. (ECF No. 18.) Defendants filed a reply to Plaintiffs' opposition. (ECF No. 19.) The Court has carefully considered the briefing filed by both parties. For the reasons set forth below, Defendants' Motion to Dismiss is hereby DENIED IN PART and GRANTED IN PART with leave to amend.

1

# I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs assert the following state and federal claims against all Defendants:[1] (1) deliberate indifference to serious medical needs, health, and safety violation under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution; (2) substantive due process for the loss of the parent/child relationship violation under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution; and (3) negligence and wrongful death violation under California Code of Civil Procedure § 377.60. (ECF No. 1 ¶¶ 40–46, 51–65.) Additionally, Plaintiffs assert the following federal claims for violations under 42 U.S.C. § 1983 against Defendants Dr. Scott A. Heatley, the Chief Medical Officer Executive ("CME") at MCSP; W. David Smiley, the Chief Executive Officer ("CEO") for healthcare at MCSP; and William K. Lizarraga, the Warden and CEO of MCSP: (1) supervisory liability based on customs, practices or policies; and (2) failure to supervise, investigate, and discipline. (ECF No. 1 ¶¶ 17–19, 47–50, 66.)

Decedent was a state prisoner at MCSP and died as a result of suicide on November 2, 2014. (ECF No. 1 ¶¶ 3, 28.) Decedent's three children, who are his successors in interest, brought this lawsuit against several California Department of Corrections and Rehabilitation (hereinafter "CDCR") mental health practitioners and clinicians, psychologists, psychiatrists, correctional officers, and other staff at MCSP for failing to prevent Decedent's suicide, despite known suicide risks. (ECF No. 1 ¶¶ 8–19.)

Plaintiffs allege that during Decedent's incarceration with CDCR, Decedent had a long documented history of mental illness, including diagnoses of severe depression and bi-polar disorder, and a history of multiple suicide attempts, self-harming behavior, and suicidal ideations. (ECF No. 1 ¶¶ 30–31.) Even though Decedent was prescribed a number of psychotropic

---

[1] Additionally, Plaintiffs assert all five claims against Does 1 through 25. However, since "the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court . . . disregard[s] these fictitious defendants for jurisdictional purposes." *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F.Supp.3d 1029, 1036 (E.D. Cal. Sept. 24, 2015) (citing *Grigg v. S. Pac. Co.*, 246 F.2d 613, 619 (9th Cir. 1957) (disregarding Does is proper in a diversity jurisdiction determination if the court finds that Does are wholly fictitious); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1330 (9th Cir. 1981) (disregarding Does is proper when charges against the Does are so general as to give no clue as to their identity or relationship to the action)).

medications, according to CDCR medical records, for his suicidal attempts and ideations, he refused to take his medication for several days prior to his death. (ECF No. 1 ¶¶ 36–37.) Prior to his death, Decedent was not on suicide watch, was infrequently monitored, and was alone in his cell for several hours, during which time he tore his bedding and hanged himself in his cell. (ECF No. 1 ¶¶ 39–38.[2]) Plaintiffs further allege Defendants knew of Decedent's medical and mental health history and of the serious risks of harm he posed to his own health and safety, yet failed to take action to prevent his suicide. (ECF No. 1 ¶¶ 30, 37.) Specifically, Plaintiffs contend, "mental health professionals responsible for safeguarding [Decedent] failed to take adequate measures to prevent [Decedent]'s suicide, including but not limited to ensuring that [Decedent] was properly medicated, supervising [Decedent], providing medical/psychiatric care to [Decedent], evaluating [Decedent], putting [Decedent] on suicide watch, or taking other measures needed to avoid his certain death." (ECF No. 1 ¶ 38.[3]) As a result, Plaintiffs allege Defendants' acts or omissions caused Decedent to suffer physical pain, emotional distress, mental anguish, and loss of life and caused Plaintiffs to suffer emotional distress, mental anguish, and loss of their parent-child relationships. (ECF No. 1 ¶ 39.[4])

Plaintiffs brought this lawsuit on December 24, 2015, alleging constitutional claims under 42 U.S.C. § 1983 and wrongful death state claims under Cal. Code Civ. P. § 377.60. (ECF No. 1.) In response on March 4, 2016, Defendants filed this motion to dismiss. (ECF No. 16.) On May 2, 2016, Plaintiffs filed an opposition to Defendants' motion. (ECF No. 18.) On May 12, 2016, Defendants filed a reply to Plaintiffs' opposition. (ECF No. 19.) The Court resolves Defendants' motion without oral argument. *See* Local Rule 230(g).

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the

---

[2] Plaintiffs' Complaint has two paragraphs numbered as "38" and two paragraphs numbered as "39." (ECF No. 1 at 6:23–7:18.) Here, the citation refers to ¶ 39 (ECF No. 1 at 7:4–9) and ¶ 38 (ECF No. 1 at 7:10–14).
[3] *Id.* Here, the citation refers to ¶ 38 (ECF No. 1 at 6:23–27).
[4] *Id.* Here, the citation refers to ¶ 39 (ECF No. 1 at 7:15–18).

3

claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In considering a motion to dismiss, all allegations of material fact must be accepted as true and construed in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996) (citations omitted).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations in original) (citation omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004) (stating, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). Ultimately, a court may not dismiss a complaint in which the Plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While the plausibility requirement "is not akin to a 'probability requirement' but [rather demands] more than a sheer possibility that a defendant has acted unlawfully[,] . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* It is inappropriate to assume that the Plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

If a complaint fails to state a plausible claim, "a district court should grant leave to amend

even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). "Although a district court 'should freely give leave [to amend] when justice so requires,' Fed.R.Civ.P. 15(a)(2), the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (alterations in original) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Plaintiffs bring five claims under Title 42 of the United States Code Section 1983 and under the California Code of Civil Procedure Section 377.60. Each claim is a survival action made on behalf of Decedent. "To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, 'acting under color of state law, caused the deprivation of a federal right.'" *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). The parties do not dispute that Defendants acted under the color of state law. Defendants assert that Plaintiffs fail to plead the other two elements: the deprivation of federal rights and causation. Specifically, Defendants argue that without specific allegations of each Defendant's state of mind and/or each Defendant's conduct, Plaintiffs fail to state plausible claims of deliberate indifference, due process, and negligence, and without specific allegations of how the conduct of Dr. Heatley, CEO Smiley, and/or Warden Lizarraga caused Decedent's injuries, Plaintiffs fail to establish supervisory liability.

    A. <u>Stating a Plausible Claim for Relief</u>

        1. *Claim One: Deliberate Indifference to Medical Needs, Health, and Safety*

Plaintiffs bring the first cause of action under 42 U.S.C. § 1983, alleging all Defendants demonstrated deliberate indifference to Decedent's serious medical needs, health, and safety in violation of the Eighth Amendment. (ECF No. 1 ¶¶ 40–46.) Defendants argue Plaintiffs have not

5

pled sufficient facts to establish deliberate indifference. (ECF No. 16-1 at 7:12–14.) For the reasons set forth below, the Court agrees and finds Plaintiffs have not pled sufficient facts to support this cause of action.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (footnote omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The standard is "less stringent in cases involving a prisoner's medical needs . . . because 'the State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)), *partially overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1113, 1136 (9th Cir. 1997).

At this stage, Plaintiffs have to plead only enough facts to state a plausible claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). However, to state a valid § 1983 claim, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. While Plaintiffs need not provide detailed factual allegations at this stage, Rule 8(a) does "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Here, Defendants move to dismiss Plaintiffs' claim of deliberate indifference, arguing Plaintiffs have not alleged facts with the required specificity as to each Defendant's particular conduct to establish each Defendant's state of mind. Specifically, Defendants argue Plaintiffs' references to "unidentified 'medical and custodial staff,' 'mental health professionals,' and 'staff'" are insufficient to raise a claim against any specific Defendant, fail to show any connection to Decedent, and as such, are conclusory allegations. (ECF No. 16-1 at 7:2–14.)

Defendants further assert, "Plaintiffs group all Defendants together without delineating any facts as to how each Defendant was personally involved." (ECF No. 19 at 3:9–10.)

Plaintiffs allege in their Complaint, as follows: "At the time of his death, [Decedent] was refusing to take his essential psychiatric medications for several days [and d]espite this knowledge, custodial and medical staff failed to take measures to ensure that [Decedent] was properly medicated." (ECF No. 1 ¶ 37.) Plaintiffs further allege, "Defendants failed to provide [Decedent] with necessary evaluation and treatment or failed to take action to provide him with necessary evaluation and treatment." (ECF No. 1 ¶ 43.) Plaintiffs respond in their Opposition[5] to Defendants' argument that Plaintiffs fail to allege facts specific to Defendants by naming Defendants, as follows: "Defendants Yanos, Dunne, Ferguson, Newman, Ponder, Amin and Suskauer were mental health practitioners or clinicians and/or staff psychologists or staff psychiatrists working at [MCSP] prior to and at the time of [Decedent]'s death." (ECF No. 18 at 1:25–27.) Plaintiffs further specify each Defendant's job title and role, as follows: "California Department of Corrections and Rehabilitation Psych[iatric] Tech[nician] C[yrus] Yanos was . . . a mental health practitioner working at MCSP"; "[CDCR] Mental Health Clinician Amber Dunne was . . . an unlicensed trainee working at MCSP"; "[CDCR] Mental Health Clinician Amanda Ferguson, Ph.D. was . . . a mental health practitioner working at MCSP"; "[CDCR] Staff Psychologist Dr. Paula Newman, was . . . a doctor of psychiatry and staff psychiatrist working at MCSP"; "[CDCR] Clinical Psychologist John Ponder, Psy. D., was . . . a psychologist and/or mental health practitioner working at MCSP"; "[CDCR] Mental Health Clinician Shiva Amin, Ph.D. was . . . a mental health practitioner working at MCSP"; "[CDCR] Staff Psychiatrist Sheldon Suskauer, M.D., was . . . a mental health practitioner working at MCSP." (ECF No. 1 ¶¶ 9, 11–16.) Plaintiffs allege that "[e]ach individual [D]efendant named was in a position to take adequate measures to prevent [Decedent]'s suicide, but failed to do so, despite the known, obvious need." (ECF No. 18 at 2:2–3.)

---

[5] "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint.")).

Listing each Defendant's employment position and the general responsibilities of somebody in that role, is not enough to establish the requisite state of mind for what specific knowledge each Defendant possessed and how each Defendant acted, or failed to act, with such knowledge. *See Iqbal*, 556 U.S. at 677 ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Without sufficient facts as to each Defendant's individualized conduct, Defendants are not provided with the fair notice required under the Federal Rules of Civil Procedure to know the grounds upon which legal claims are being asserted against each Defendant. The Court finds Plaintiffs have not alleged sufficient facts to raise a reasonable inference as to which, if any, Defendant possessed the requisite state of mind for deliberate indifference.

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (citations omitted). Plaintiffs concede: "[i]f necessary to proceed, plaintiffs can amend the complaint to specifically allege that each named defendant who is described as a mental health practitioner or mental health professional was treating [Decedent] at the time of his death or prior to his death . . . ." (ECF No. 18 at 2:28–3:2.) The Court does not find "amendment of the complaint [to be] an exercise in futility." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Accordingly, the Court finds that this action is not sufficiently pled to support a claim of deliberate indifference, and as such, this claim is dismissed with leave to amend.

2. *Claim Three: Due Process*

In their third cause of action, Plaintiffs allege a violation of Fourteenth Amendment substantive due process under 42 U.S.C. § 1983 for the loss of the parent-child relationship between Decedent and his children. (ECF No. 1 ¶¶ 51–55.) Defendants argue this cause of action should be dismissed because "Plaintiffs' Complaint is void of factual allegations against *any* specific Defendant. Rather, Plaintiffs make generalized allegations [and] fail to allege who is responsible for each action or inaction causing the injuries they complain of." (ECF No. 16-1 at 9:20–23) (emphasis in original). Plaintiffs contend that with Decedent's medical and mental

8

health history and with Decedent's at-risk behavior leading up to his suicide, "it is reasonable to assert that [D]efendants had ample time to deliberate before failing to take adequate measures to prevent his suicide." (ECF No. 18 at 5:19–20.) The Court finds Plaintiffs have not pled sufficient facts to support this cause of action.

The Ninth Circuit recognizes that "children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their . . . parent through official conduct." *Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (citations omitted). "[O]nly official conduct that 'shocks the conscience' [in depriving children of that interest] is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). While "it may suffice for Eighth Amendment liability that prison officials were deliberately indifferent to the medical needs of prisoners," such deliberate indifference may also "rise to the conscience-shocking level" required for Fourteenth Amendment substantive due process liability. *Lewis*, 523 U.S. at 849–50. "In determining whether deliberate indifference is sufficient to shock the conscience, or whether the more demanding standard of purpose to harm is required, 'the critical consideration [is] whether the circumstances are such that actual deliberation is practical.'" *Tennison v. City & Cty. of S.F.*, 570 F.3d 1078, 1089 (9th Cir. 2009) (alterations in original) (internal quotation marks and citation omitted) (quoting *Porter*, 546 F.3d at 1137). In other words, where officials are required to react quickly, liability can be imposed "only if they acted with purpose to harm," whereas if the "officials have the opportunity to deliberate various alternatives prior to selecting a course of conduct, such action violates due process if it is done recklessly." *Id.*

As discussed in Section III(A)(1), *supra*, Plaintiffs have failed to assert sufficient facts to state a claim of deliberate indifference on the part of each Defendant individually, which is a lower standard than is required to prove the "shocks the conscience" standard for violation of due process. Furthermore, Plaintiffs fail to allege the requisite state of mind of each Defendant and to allege sufficient facts to support a claim of recklessness. Accordingly, the Court finds that this action is not sufficiently pled to support a claim of violation of due process, and as such, this

claim is dismissed with leave to amend.

### 3. *Claim Four: Wrongful Death*

Plaintiffs bring this fourth cause of action against all Defendants for wrongful death due to professional negligence and/or medical malpractice under California Code of Civil Procedure § 377.60 and due to the failure to summon medical care under Cal. Gov. Code § 845.6. Defendants move to dismiss this cause of action, alleging Plaintiffs have not alleged wrongful conduct. (ECF No. 16-1 at 9:26–10:14.) For the reasons set forth below, the Court agrees and finds Plaintiffs have not pled sufficient facts to support this cause of action.

#### a. Negligence and/or Medical Malpractice

California Code of Civil Procedure § 377.60 creates an action for wrongful death only when the death "is caused by the wrongful act or neglect of another." The phrase "wrongful act" is defined as a "tortious act," including either negligent or intentional wrongful conduct. *Barrett, et al., v. Super. Ct. of Riverside Cty., et al.*, 222 Cal. App. 3d 1176, 1183, 1191 (1990) (interpreting former Cal. Civ. Proc. Code § 377, now Cal. Civ. Proc. Code § 377.60). As such, the plaintiffs can prevail on a wrongful death claim by merely establishing negligence, which has been defined as "the want of such care as a person of ordinary prudence would exercise under the circumstances of the case, [and] may consist in heedlessly doing an improper thing or heedlessly refraining from doing a proper thing." *Crabbe v. Rhoades*, 101 Cal. App. 503, 510 (1929).

Plaintiffs allege negligence in the "medical and/or psychiatric care rendered by the named medical staff" for a failure to "comply with professional standards of care for . . . treatment." (ECF No. 1 ¶ 59.) Defendants move to dismiss this cause of action, arguing Plaintiffs assert "generalized allegations" against all Defendants collectively and fail to identify any wrongful conduct and to specify "who is responsible for each action or inaction." (ECF No. 16-1 at 10:9–14.) Plaintiffs respond in their Opposition, "[b]ecause . . . the same conduct [as deliberate indifference] (or less culpable conduct such as negligence) will support a wrongful death claim under state law, the facts alleged likewise support valid wrongful death claims in the fourth cause of action." (ECF No. 18 at 3:12–15) (citation omitted).

As discussed in Section III(A)(1), *supra*, Plaintiffs have provided in their Opposition the

names of the mental health practitioners and clinicians who were working at MCSP prior to or at the time of Decedent's death, but Plaintiffs fail to assert sufficient facts to state a claim on the part of each Defendant individually. Furthermore, Plaintiffs' allegations do not demonstrate causation between each Defendant's conduct and the Decedent's injuries. Without establishing causation between each Defendant and Decedent's injuries, Plaintiffs fail to assert negligence. Accordingly, the Court finds that Plaintiffs have not pled sufficient facts to support a state claim of negligence, and as such, this claim is dismissed with leave to amend.

b. Failure to Summon Medical Care

California Government Code § 845.6 prescribes in pertinent part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, . . . a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

"Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (quoting *Watson v. State*, 21 Cal. App. 4th 836, 841 (1993). In interpreting § 845.6, the Ninth Circuit explains, "the term 'immediate medical care' as used in the statute includes both diagnosis and treatment." *Id.*

Plaintiffs allege each of the Defendants owed Decedent a duty to summon medical care and breached that duty "when they had actual and constructive knowledge that [Decedent] was in obvious physical [pain] and/or in need of immediate medical care [but] failed to timely respond and failed to take reasonable action to summon such care." (ECF No. 1 ¶¶ 61–62, 64.) Plaintiffs further allege that "[a]s a direct and proximate cause of said Defendants' breach, [D]ecedent . . . suffered . . . physical pain and suffering, emotional distress, mental anguish, and loss of life" and "[t]he actions by Defendants were willful, wanton, malicious and oppressive." (ECF No. 1 ¶¶ 64–65.) Defendants move to dismiss this cause of action, arguing Plaintiffs assert general allegations against all Defendants collectively and fail to identify any wrongful conduct and to specify allegations against each Defendant. (ECF No. 16-1 at 10:9–14.)

As discussed in Sections III(A)(1) and III(A)(3)(a), *supra*, Plaintiffs fail to assert

11

sufficient facts to state a claim against each Defendant individually. Accordingly, the Court finds that this action is not sufficiently pled to support a state claim of negligence, and as such, this claim is dismissed with leave to amend.

### B. Supervisory Liability Claims under § 1983

Plaintiffs bring two causes of action against Defendants Dr. Heatley, CEO Smiley, and Warden Lizarraga under 42 U.S.C. § 1983, alleging violation of the Eighth Amendment for supervisory liability based on customs, policies, and procedures and for failure to supervise, investigate, and discipline. (ECF No. 1 ¶¶ 47–50, 66, 1–3[6].) Specifically, Plaintiffs allege these claims are based on each of Defendant's supervisory roles, as follows: Dr. Heatley, CME at MCSP, was responsible for overseeing the examination, diagnoses, prescriptions, and treatment of all MCSP inmate patients; Mr. Smiley, CEO for healthcare at MCSP, was the highest-ranking healthcare authority within an adult CDCR institution and was responsible for all aspects of delivering healthcare at MCSP to ensure adequate medical and mental health care for all MCSP inmates; and Mr. Lizarraga, the Warden and CEO of MCSP, was responsible for the custody and treatment of all inmates and for the training and discipline of all employees under his charge and for establishing such operational plans and procedures as required by MCSP to provide for the custody and treatment of inmates at MCSP. (ECF No. 1 ¶¶ 17–19.) Defendants move to dismiss these causes of action, asserting Plaintiffs fail to allege facts specific to a particular Defendant's conduct and impermissibly based their claims on *respondeat superior*. (ECF No. 16-1 at 8:10–13, 8:26–9:7.)

#### 1. *Claim Two: Supervisory Liability*

Plaintiffs bring this second cause of action under 42 U.S.C. § 1983 against Defendants Dr. Heatley, CEO Smiley, and Warden Lizarraga, arguing that Defendants' actions demonstrated supervisory liability based on customs, practices, or policies. (ECF No. 1 ¶¶ 47–50.) Plaintiffs allege that the "acts and/or omissions of Defendants in being deliberately indifferent to [Decedent]'s serious medical needs, health and safety and in violating decedent's civil rights were

---

[6] In Plaintiffs' Complaint, following the paragraph numbered "66," there are paragraphs numbered 1 through 3. (ECF No. 1 at 13:6–18.)

the direct and proximate result of customs, practices or policies, or the lack thereof, of Dr. Heatley, CEO Smiley, [and] Warden Lizarraga." (ECF No. 1 ¶ 48.) Specifically, Plaintiffs allege that as a result of the following acts or omissions, Dr. Heatley, CEO Smiley, and Warden Lizarraga directly or proximately caused Decedent to suffer damages, including the loss of life:

> Such customs, practices, polices [sic] and/or procedures include, but are not limited to, an ongoing pattern of deliberate indifference to the serious medical needs and health and safety of MCSP inmates, including the following: a failure to ensure implementation of appropriate medical and emergency treatment plans; a failure to act upon clearly life-threatening symptoms and reports and/or clear suicidal impulses or gestures; a failure to provide appropriate staffing and training at MCSP for providing inmates with adequate medical and psychiatric treatment; a failure to implement a policy to ensure that staff would contact and summon emergency medical and/or psychiatric treatment in a timely manner; a failure to create and/or implement guidelines that must be followed to remove inmates from existing suicide precautions; a failure to create and/or implement protocols for Keyhea monitoring; a failure to create, implement and/or ensure that staff follow policies, guidelines or steps to be taken when medical staff observe custody staff choosing to ignore orders given by an inmate's medical doctors; a failure to adequately train and supervise employees and/or agents to prevent the occurrence of the constitutional violations alleged herein; and a failure to promulgate appropriate policies or procedures or take other measures to prevent the constitutional violations alleged herein.

(ECF No. 1 ¶ 49.) Defendants argue that this cause of action should be dismissed because "Plaintiffs generically list several policies and practices, but fail to allege any specific conduct by *any* of these Defendants [and] the entire Complaint fails to list any specific wrongful action on the part of *any* Defendant." (ECF No. 16-1 at 8:10–13.) Plaintiffs respond in their Opposition that "supervisory liability claims against [Dr.] Heatley, CEO Smiley and Warden Lizarraga based on unconstitutional customs, practices or policies [is asserted based on the principles explained by the United States Supreme Court in] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693 (1978)." (ECF No. 18 at 4:13–16.) Plaintiffs further contend, "[u]pon commencement of discovery, [P]laintiffs will be better equipped to identify the specific actions (or failure to act) each individual [D]efendant took to implement the customs, practices or policies that caused the violations of [Decedent's] rights. Currently, however, . . . [D]efendants are solely in possession of this information." (ECF No. 18 at 5:4–8.)

13

Section 1983 does not authorize liability under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To assert a supervisory liability claim under § 1983, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents [except] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Plaintiffs must show: (1) a longstanding practice or custom which constitutes the standard operating procedure of the government entity; (2) a relevant decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005); *see also Ulrich v. City & Cty. of S.F.*, 308 F.3d 968, 984–85 (9th Cir. 2002) ("Liability may attach [to the government official] only where [to the government official himself or herself] causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'").

However, allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [Plaintiffs] experienced" when "the facts that might demonstrate the causal connection—such as . . . corrective actions taken or not taken—are not available to the pleading party prior to discovery." *Phillips v. Cty. of Fresno*, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) (citations omitted). "[The] level of particularity and notice is sufficient where . . . it may be fairly assumed that Defendants have access to past events and to statements of policy that will either prove or disprove Plaintiffs['] allegations." *Estate of Duran v. Chavez*, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) (citing *Phillips*, 2013 WL 6243278, at *10). Here, Plaintiffs argue that Defendants are in sole possession of facts needed to support or refute the claims and "[u]pon

14

commencement of discovery, [P]laintiffs will be better equipped to identify the specific actions (or failure to act) each individual [D]efendant took to implement the customs, practices or policies that caused the violations of [Decedent's] rights." (ECF No. 18 at 5:4–8.) Plaintiffs allege which supervisors may have been involved and which policies are in question, or lack thereof, for the alleged constitutional deprivation. The Court finds that Plaintiffs alleged facts related to supervisory liability sufficient to provide notice to Defendants regarding what information will be sought from what sources during discovery. Accordingly, Defendants' motion to dismiss Plaintiffs' second cause of action is denied.

### 2. *Claim Five: Failure to Supervise, Investigate, and Discipline*

Plaintiffs bring this fifth cause of action under 42 U.S.C. § 1983 against Defendants Dr. Heatley, CEO Smiley, and Warden Lizarraga for failure to adequately supervise, investigate, and discipline subordinate employee conduct in regard to preventing deliberate indifference to the serious medical needs, health, and safety of inmates at MCSP. (ECF No. 1 ¶¶ 66, 1–3[7].) Defendants move to dismiss this cause of action because "the Complaint is completely devoid of any factual allegations setting forth how these Defendants' supervisory activities constituted acquiescence in subordinates' unconstitutional behavior or otherwise constituted reckless or callous indifference to the rights of others." (ECF No. 16-1 at 8:26–9:1.) Defendants further argue that Plaintiffs fail to "even identify which subordinates each of these supervisory Defendants were supervising, let alone that these Defendants were aware of the likelihood that such subordinate conduct would likely result in unconstitutional conduct." (ECF No. 16-1 at 9:1–4.) Plaintiffs respond in their Opposition, "[D]efendants are in sole possession of these facts until discovery commences." (ECF No. 18 at 4:3–4) (citations omitted).

As discussed in Sections III(B)(1), *supra*, Plaintiffs fail to assert sufficient facts to indicate what role Dr. Heatley, CEO Smiley, and Warden Lizarraga each played at the time of Decedent's death. To plead a theory of supervisory liability under § 1983, Plaintiffs must plead that each Defendant, through his/her own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Specifically, a supervisor defendant may be held liable "if there exists either (1) his or her

---
[7] *Id.*

15

personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). While Plaintiffs need not provide detailed factual allegations at this stage, Rule 8(a) does "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiffs do not allege facts showing how each specific Defendant was personally involved or facts showing how each Defendants' acts and/or omissions caused Decedent's injuries. Furthermore, Plaintiffs do not specify which subordinates of Dr. Heatley, CEO Smiley, and Warden Lizarraga were not supervised, investigated, or disciplined. If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (citations omitted). Accordingly, the Court finds that Plaintiffs' claim for liability in failing to supervise, investigate, and discipline is dismissed with leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby:

1. GRANTS with leave to amend Defendants' Motion to Dismiss Claim One (deliberate indifference to health and safety);
2. DENIES Defendants' Motion to Dismiss Claim Two (supervisory liability);
3. GRANTS with leave to amend Defendants' Motion to Dismiss Claim Three (due process);
4. GRANTS with leave to amend Defendants' Motion to Dismiss Claim Four (state claim for wrongful death); and
5. GRANTS with leave to amend Defendants' Motion to Dismiss Claim Five (failure to supervise, investigate, and discipline).

///
///
///

16

Should Plaintiffs wish to file an amended Complaint, such Complaint must be filed within thirty days of the entry of this Order.

IT IS SO ORDERED.

Dated: December 5, 2017

Troy L. Nunley
United States District Judge