1. ROB BONTA, State Bar No. 202668
   Attorney General of California
2. TYLER V. HEATH, State Bar No. 271478
   Supervising Deputy Attorney General
3. JANET N. CHEN, State Bar No. 283233
   Supervising Deputy Attorney General
4.   1300 I Street, Suite 125
   P.O. Box 944255
5.   Sacramento, CA 94244-2550
   Telephone: (916) 210-7319
6.   Fax: (916) 324-5205
   E-mail: Janet.Chen@doj.ca.gov
7. *Attorneys for Defendant Kernan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACOB WRIGHT, KHRYSTYNE WRIGHT and JONATHAN WRIGHT as successors in interest of DANIEL LEE WRIGHT (deceased); JACOB WRIGHT, individually; KHRYSTYNE WRIGHT, individually and JONATHAN WRIGHT, individually,**<br><br>                   Plaintiffs,<br><br>v.<br><br>**DUNNE, et al.,**<br><br>                   Defendants. | 2:15-cv-02671-TLN-CKD<br><br>**STIPULATION AND ORDER FOR THE COURT TO RETAIN JURISDICTION UNTIL AFTER SETTLEMENT HAS BEEN PAID, OR ALTERNATIVELY TO EXTEND THE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS** |

The Parties—Plaintiffs Khrystyne Wright, Jonathan Wright, and Jacob Wright, and Defendant Kernan—by and through their respective counsel of record, stipulate to and request that the Court retain jurisdiction over this matter until the settlement amount is paid in order to enforce the terms of the settlement agreement. Alternatively, the Parties stipulate to and request that the Court extend the current December 31, 2023 deadline to file dispositional documents by 180 days or until the settlement amount is paid, whichever is shorter.

///

1

Based on the following stipulated facts, the Parties believe good cause exists for the Court to either retain jurisdiction over this matter, or alternatively for the Court to extend the deadline to file dispositional documents:

1. On December 1, 2023, the Parties attended a settlement conference before Magistrate Judge Newman and reached a verbal settlement in this matter. (ECF No. 102.) The terms of the settlement agreed to by the parties were stated on the record by the Court. (*Id.*) The Court ordered dispositional documents to be filed within 30 days, or by December 31, 2023. (*Id.*)

2. During the settlement conference, to the best of defense counsel's recollection, the Settlement Judge indicated on the record that he or his successor would retain jurisdiction over this matter to enforce the settlement agreement.

3. On December 6, 2023, Defendants' counsel sent a settlement agreement to Plaintiff's counsel for review and signature.

4. On December 7, 2023, Plaintiffs indicated they are unwilling to go forward with the settlement unless the Court retains jurisdiction over the action after the stipulation for voluntary dismissal has been filed, or unless the Parties file the stipulation for voluntary dismissal after CDCR pays the settlement amount, which currently cannot be accomplished by the December 31, 2023 deadline to file dispositional documents. Because CDCR requires up to 180 days to process and pay the settlement amount to Plaintiff, a condition stated by Defendants at the time of the settlement conference and on the record, the Court would either need to retain jurisdiction over this matter to enforce the settlement agreement until the settlement amount is paid, or the Court would need to extend the deadline to file dispositional documents by 180 days, so that the Parties may file the dispositional documents after CDCR has paid the settlement amount.

5. Given each Parties' respective positions regarding settlement, the Parties agree that good cause exists for the Court to either retain jurisdiction over this matter after dismissal to enforce the terms of the settlement agreement, or alternatively, for the Court to extend the December 31, 2023 deadline to file dispositional documents. Granting the Parties' requested relief would serve the joint purpose of amicably resolving this matter and providing a forum if any issue with payment of the settlement should arise. It also provides a date certain by when

jurisdiction would terminate following payment of the settlement. It would also minimize the time and resources the Parties and the Court need to expend with further litigation related to the settlement agreement, payment, or otherwise.

IT IS SO STIPULATED.

Dated:   December 8, 2023

*/s/ Jeffrey Mendelman (as authorized on 12/8/23)*
JEFFREY MENDELMAN
Case Law Ltd.
*Attorney for Plaintiffs Khrystyne Wright, Jonathan Wright, and Jacob Wright*

Dated:   December 8, 2023

*/s/ Janet Chen*
JANET N. CHEN
Supervising Deputy Attorney General
*Attorney for Defendant Kernan*

**ORDER**

Having considered the Parties' joint stipulation, the Court orders that it will retain jurisdiction over this matter until the settlement amount is paid in order to enforce the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated:  December 11, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

LA2016600482
37723413.docx